**STATE of Minnesota, Respondent,**

v.

**Janet BOWLEY, Appellant.**

**No. 52085.**

Supreme Court of Minnesota.

Aug. 6, 1982.

C. Paul Jones, Public Defender, and Michael F. Cromett, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Barbara D. Gill, Sp. Asst. Attys. Gen., St. Paul, Russell Anderson, County Atty., Bemidji, for respondent.

KELLEY, Justice.

Defendant was found guilty by a district court jury of theft over $2,500 under Minn. Stat. § 609.52, subds. 2(1), 3(1) (1978), and was sentenced to a 10-year prison term with execution stayed and probation conditioned on defendant spending 48 hours in jail, paying $100 per month restitution, court costs of $1,000, $1,000 to the public defender fund, and completing 300 hours of community service work. On this appeal from judgment of conviction defendant contends that the evidence that she was the person who committed the theft was legally insufficient. We affirm.

Defendant began her employment as bookkeeper at Spaulding Motors in Bemidji in December 1976 and, after learning the system from her predecessor, began keeping the books in February 1977. She kept the books until December 1978, when she left with her family for New Mexico where she obtained a job as bookkeeper for another automobile dealer. Shortly after she left, her interim successor discovered the theft of which defendant was subsequently charged and convicted. The theft involved the taking of over $28,000 in the period starting in May 1977 and ending when defendant stopped her employment in December 1978.

The theft of the money was accomplished by a method called "underfooting." Specifically, defendant would take money from the daily receipts of cash and checks and then would enter false totals in the daily cash receipts journal to conceal the theft. These totals would equal the amount actually deposited in the bank rather than the amount that should have been deposited in the bank.

The theft of money in this manner was facilitated by the failure of the company to independently audit the books, to make spot checks of the daily receipts journal and to give the responsibility for the cash receipts to a person other than the bookkeeper.

Defendant testified at trial that she did not understand bookkeeping very well. She explained that she did not add the entries for cash and checks received and reconcile that sum with either the sum of cash and the checks to be deposited in the bank or with the sum of the six distribution or accounts columns on the daily ledger. She testified that instead of doing this she added the cash and checks to be deposited, put that sum as the total for the cash and receipts received and added the five shortest distribution columns. She then subtracted that sum from the cash and check column total to get the sum for the longest distribution column. The implication of defendant's testimony was that someone else took the money, presumably someone who knew of the faulty procedures defendant used. The state, however, presented evidence that proved defendant knew the correct way to keep the books. Defendant had been taught the correct way of keeping books when she began her employment and had taught two other people the correct way during the term of her employment. The state also presented evidence that defendant lied in explaining how, under her method, the distribution column totals came to balance with the cash column totals on the daily cash ledger.

In summary, our examination of the record satisfied us that the evidence was sufficient to establish that defendant took the money from her employer and falsified the books in order to conceal her theft.

Affirmed.